# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DERRICK NESBITT, | ) |
| Petitioner, | ) |
| v. | ) |
| | ) CV423-181 |
| CHARLES MIMS, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner Derrick Nesbitt, who is incarcerated at Wilcox State Prison, was convicted in the Superior Court of Chatham County, Georgia in 2006. *See* doc. 1 at 1. He seeks leave to proceed *in forma pauperis*. Doc. 2. Since he does not appear indigent, *see id.* at 2 (disclosing $305 in funds in cash or in a checking or savings account); *see also* doc. 3, that Motion should be **DENIED**. Doc. 2. Normally, when a request to proceed *in forma pauperis* is denied, a litigant is afforded an opportunity to pay the required filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2). However, as explained below, the Court lacks jurisdiction to consider Nesbitt's petition, so any such opportunity would be futile. His Petition should, therefore, be **DISMISSED**. Doc. 1.

Nesbitt alleges that, after his conviction in 2006, he was sentenced to "14 years to serve on a life sentence with parole, and illegal five years." Doc. 1 at 1. Among the multiple post-conviction proceedings, relevant here is his Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, which he filed in this Court in 2014. *See id.* at 4; *see also Nesbitt v. Danforth*, CV413-141, doc. 1 (S.D. Ga. June 12, 2013). That Petition was dismissed as untimely. *See generally, Nesbitt,* CV413-141, doc. 14 (S.D. Ga. Jan. 7, 2014), *adopted* doc. 17 (S.D. Ga. Jan. 27, 2014). A subsequent Petition, based on the denial of parole, was dismissed as unexhausted in 2022. *See Nesbitt v. Ward*, CV420-148, doc. 6 (S.D. Ga. Mar. 1, 2022), *adopted* doc. 8 (S.D. Ga. Mar. 28, 2022). In the instant Petition, Nesbitt alleges that a state habeas petition was recently denied by the Georgia Supreme Court. *See* doc. 1 at 5. Although that state habeas petition might have resolved the exhaustion issues noted in his prior Petition, the grounds asserted in the instant Petition challenge the validity of his conviction, not any issue with the denial of his parole. *See* doc. 1 at 5-9. Since, as explained below, this Court lacks jurisdiction to consider Nesbitt's instant Petition, it should be **DISMISSED**.

"Before a second or successive application [is] permitted . . ., the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[ ] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (internal citation and quotation omitted); *see also, e.g., Jackson v. Smith State Prison*, 2023 WL 3590410, at *1 (11th Cir. May 23, 2023) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). "[W]hether a petition is second or successive depends on the *judgment* challenged." *Osbourne v. Sec'y, Fla. Dept. of Corrs.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (quoting *Patterson v. Sec'y, Fla. Dept. of Corrs*, 849 F.3d 1321, 1325 (11th Cir. 2017)) (internal quotation marks omitted). Finally, "[a] dismissal of a § 2254 petition as untimely constitutes a dismissal with prejudice on the merits for purposes of restricting a second or successive

§ 2254 petition." *Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (citing *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353, 1359 (11th Cir. 2007)).  As this is Nesbitt's second habeas action challenging the validity of his 2006 conviction,[1] and he does not allege that he either sought or received leave from the Eleventh Circuit before filing, the case should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C.

---

[1] It is clear that the instant Petition challenges the same 2006 Chatham County Superior Court judgment Nesbitt challenged in his 2013 Petition. *Compare* doc. 1 at 1, *with Nesbitt,* CV413-141, doc. 1 at 3-4.  There is, however, a slight discrepancy in Nesbitt's description of the sentence imposed. *Compare* doc. 1 at 1 (alleging sentence of "14 years to serve on a life sentence with parole, and illegal five years."), *with* CV413-141, doc. 1 at 4 (alleging sentencing of "Life plus eleven years.").  Nesbitt's descriptions, however, do not precisely correspond to the previous Respondent's description of the sentence imposed in 2006, *see* CV413-141, doc. 8-1 at 1-2, or the copy of the judgment submitted in that case, *see* CV413-141, doc. 10-7 at 23.  While imposition of a new sentence might constitute a new judgment, for purposes of determining whether a § 2254 petition is second or successive, "not every action that alters a sentence necessarily constitutes a new judgment for purposes of § 2244." *Osbourne*, 968 F.3d at 1265.  In the absence of any allegation that a new judgment has been entered, or indeed that Nesbitt's sentence has been altered in any way, his explicit challenge to the validity of the 2006 judgment renders the instant Petition second or successive, depriving the Court of jurisdiction.

4

§ 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 11th day of July, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA