IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DERRICK NESBITT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> CHARLES MIMMS, ) <br> ) <br> Respondent. ) <br> ) | CASE NO. CV423-181 |

## ORDER

Before the Court is the Magistrate Judge's July 11, 2023, Report and Recommendation (Doc. 4), to which Petitioner Derrick Nesbitt has filed an objection (Doc. 5). After a careful review of the record,[1] Petitioner's objections are overruled (Doc. 5), and the report and recommendation is **ADOPTED** as the Court's opinion in this case (Doc. 4). Accordingly, Petitioner's Petition Under 28 U.S.C. § 2254 is **DISMISSED**. (Doc. 1.) His Motion to Proceed In Forma Pauperis is **DENIED**. (Doc. 2.)

In the report and recommendation, the Magistrate Judge noted that Petitioner filed a petition for a writ of habeas corpus in

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam)) (outlining the standard of review for report and recommendations).

this Court in 2013. (Doc. 4 at 2 (citing Nesbitt v. Danforth, CV413-141, Doc. 1 (S.D. Ga. June 12, 2013)).) That petition was ultimately dismissed as untimely. (Id. (citing Nesbitt, CV413-141, Doc. 17 (S.D. Ga. Jan. 27, 2014)).) The Magistrate Judge explained that since the instant petition challenges the same judgment, it is "second or successive," and this Court lacks jurisdiction to consider it. (Id. at 2-3 (citing Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014)).)

In his objection, Petitioner first somewhat confusingly requests "a certificate of appealability" because his sentence was void.[2] (Doc. 5 at 1.) Petitioner also objects to the Magistrate

---

[2] Although Petitioner's petition clearly challenges the validity of his conviction, (Doc. 1 at 7, 8 (challenging sufficiency of the trial court's jury instructions and the validity of his indictment)), one ground is, perhaps, ambiguous. Ground One states, in unedited form: "The judgment of sentence is void upon Indictment Number: CR05-2340-FR therein the Superior Court of Chatham County, Georgia, due to the illegal consecutive five years sentence for Count Two: Possession of a firearm during the commission of a felony thereto Count One: Armed Robbery, the only felony upon such, with no underlying felony for Court Two herein to be consecutive of, thereby making the sentence of this matter void." (Id. at 5.) Based on Petitioner's presentation of Ground One, the Magistrate Judge reasonably construed it as challenging the "judgment," rendering it second or successive. (Doc. 4 at 3-4.) In Petitioner's objection, he somewhat clarifies that he seeks to "appeal the void sentence where [he] was illegally sentenced to five years sentence for possession of a firearm offense that was wrongfully ran consecutive to the only one felony without an underlying felony to be consecutive thereof . . . ." (Doc. 5 at 1 (emphasis added).) Challenges to the execution, as opposed to the validity, of a judgment of a conviction technically invoke 28 U.S.C. § 2241. Since Petitioner is in state, not federal, custody, the distinction is irrelevant. See, e.g., Thomas v. Crosby, 371 F.3d 782, 787-88 (11th Cir. 2004). A state prisoner challenging

2

Judge's determination that his request to proceed in forma pauperis should be denied, but he does not explain why his disclosure of $305.63 in available funds does not preclude leave. (Doc. 2 at 2; Doc. 4 at 1; Doc. 5 at 1.) Therefore, Petitioner has pointed to no defect in the Magistrate Judge's sound conclusions that he is not eligible to proceed in forma pauperis, the instant petition is successive, and this Court lacks jurisdiction to consider it without approval from the Court of Appeals.

Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 7th day of August 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

the execution of his sentence remains subject to § 2254's limitations, including the bar on unauthorized second or successive petitions. See, e.g., In re Wright, 826 F.3d 774, 783 (4th Cir. 2016).

3